## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLAYTON CANGELOSI** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-2035** |
| **JEFFERSON PARISH, ET AL.** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is a motion by Defendants Cynthia Lee Sheng, Jefferson Parish Attorney, and Parish of Jefferson (collectively, the "Defendants") to Dismiss Plaintiff Clayton Cangelosi's claims. R. Doc. 12. Having considered the briefing, the Court now rules as follows.

### I.      BACKGROUND

This case arises out of Plaintiff Clayton Cangelosi's failed permit application with Defendant Jefferson Parish. R. Doc. 1 at 2-3. Cangelosi is appearing in front of this Court pro se and *in forma pauperis* after exhausting all state court remedies. R. Doc. 12-1 at 4; R. Doc. 3. Specifically, Cangelosi has been denied relief by the 24th Judicial District Court for the Parish of Jefferson and the Louisiana Fifth Circuit.[1] R. Doc. 12-1 at 2-4.

In January 2021, Cangelosi sought a permit that would allow him to sell Valentine's Day gifts at 5346 Lapalco Boulevard in Marrero, Louisiana. *Id.* Cangelosi states that permits are issued only after a successful resolution is passed by Defendant Jefferson Parish Council ("Council").[2] R. Doc. 1 at 2-3. According to Cangelosi, the resolution of his permit application was scheduled to be considered on January 13, 2021. *Id.* at 3-4. However, Cangelosi contends that Defendant and Councilman Byron Lee removed the item from the Council's agenda, allegedly because of concern

---

[1] The Louisiana Supreme Court denied Plaintiff's writ application. *Id.* at 4.
[2] Though named as a defendant in the Complaint, service has not been successfully executed on Jefferson Parish Council. R. Doc. 9.

about traffic congestion around that part of Lapalco Boulevard.[3] *Id.* at 4. Councilman Lee purportedly told Cangelosi that the Council would consider his application at its next meeting on February 3, 2021, provided Cangelosi selected a different location. *Id.*

At the February 3rd meeting, Cangelosi again sought permission to conduct his Valentine's Day sale. *Id.* at 4. It appears that this time he presented the Council with multiple different permit applications. *Id.* Cangelosi alleges that the Council then voted to approve a resolution of some, but not all, of the locations he proposed. *Id.* Cangelosi confronted the Council about its limited approval of his permits. *Id.* After apparently admonishing Cangelosi for his treatment of Council staff, Councilman Lee cancelled the previously approved resolution. *Id.*

Cangelosi asserts a cause of action under 42 U.S.C § 1983. *Id.* at 6. He argues that Defendants violated his First and Fourteenth Amendment rights by improperly denying his permit application. *Id.* at 2. Cangelosi also appears to assert that the Defendants abused their power by rejecting the resolution out of malice. *Id.* at 5. Moreover, Cangelosi argues that his rights under the Louisiana Constitution were also violated. *Id.* at 3, 11.

On October 13, 2023, Defendants filed the instant motion to dismiss. R. Doc. 12.

## II.    PRESENT MOTION

Defendants contend that this Court lack subject matter jurisdiction over Cangelosi's claims because Cangelosi previously litigated these exact claims in Louisiana's state courts, and as a result, res judicata applies. R. Doc. 12-1 at 5-6. Defendants assert that Cangelosi's claims in the state court and present actions stem from the same incident. *Id.* at 7-11. Accordingly, defendants argue that Cangelosi attempts to circumvent the state court's ruling by reasserting his claims in this Court. *Id.* In the alternative, defendants assert that Cangelosi's claims should be dismissed

---

[3] Though named as a defendant in the Complaint, service has not been successfully executed Byron Lee. R. Doc. 9.

because he fails to state a claim upon which relief can be granted and that his claims have prescribed. *Id.* at 13-30.  At the time of this Order, Cangelosi has not filed a response in opposition.

### III.    LAW AND ANALYSIS

Defendants seek dismissal of Cangelosi's claims as barred by res judicata and craft their motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 5. Because res judicata is an affirmative defense, and not a jurisdictional bar, it "generally . . . cannot be brought in a motion to dismiss." Fed. R. Civ. P. 8(c); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). Courts have nonetheless considered the effects of res judicata on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when res judicata is established on the pleadings. *Murry v. Gen. Servs. Admin.*, 553 Fed. App'x. 362, 365 (5th Cir. 2014) ("Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings."). Accordingly, the Court considers Defendants' motion under the 12(b)(6) standard.

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196

(5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

In his original petitions[4] in the 24th Judicial District Court for the Parish of Jefferson, Cangelosi alleges that the Defendants (1) violated his Fourteenth Amendment right to Due Process, (2) violated his First Amendment right to Freedom of Speech, (3) violated the Parish charter, and (4) committed malfeasance and malice by abusing the power of their office. R. Doc. 9-1 at 6. In response to the petitions, defendants filed a Peremptory Exception of No Cause of Action. R. Doc. 9-4 at 66-87; R, Doc. 9-5. The state district court granted the Exception after conducting a hearing and considering the pleadings.[5] R. Doc. 9-4 at 114, 158-160; R. Doc. 9-5. Though Cangelosi appealed these decisions, the Louisiana Fifth Circuit affirmed the state court dismissals. Cangelosi then filed a writ application to the Louisiana Supreme Court, which the Court denied.[6]

Considering the dismissal of Plaintiff's Petition by both the 24th Judicial District Court for the Parish of Jefferson and the Louisiana Fifth Circuit, Defendants argue that res judicaita bars Plaintiff's claims in this case. Res judicata bars the litigation of claims which have been previously litigated. *See Test Masters Educ. Servs.*, 428 F.3d at 571. There are four elements to establish a res judicata claim: (1) the parties to the suit are identical or in privity; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action was a final judgment on the merits; (4) the same claims were involved in both actions. *Id.*

The first element may be disposed of quickly because the parties in this action are identical

---

[4] Cangelosi had two separate actions progress through the Louisiana state judicial system. His first lawsuit, which he filed in the state trial court on February 5, 2021, was never served upon Councilman Byron Lee in his individual capacity. R. Doc. 12 at 3. Accordingly, the resolution of that matter was only applicable to him as an elected member of the Jefferson Parish Council. After being properly served, the trial and appellate courts in that course of litigation came to identical conclusions as the earlier suit. R. Doc. 12-4; R. Doc. 12-9; R. Doc. 12-5; R. Doc. 12-12.
[5] Cangelosi represented himself during the hearings. R. Doc. 12 at 3-4.
[6] The Louisiana Supreme Court additionally denied Cangelosi's application for reconsideration. R. Doc. 12-7.

to those in the Louisiana state actions. R. Doc. 12-1 at 10. In the state court proceeding, Cangelosi was the sole plaintiff and named Cynthia Lee Sheng, Jefferson Parish Attorney and the Parish of Jefferson as defendants. R. Doc. 12-4. Here, Cangelosi is the only claimant and files suit against the same defendants. R. Doc. 1. Similarly, there is no dispute that the second and third element are met. Defendants have submitted evidence that the prior judgments rendered by the Louisiana state courts were competent and final. *Id.* at 7-9. And in fact, Cangelosi references the state court decisions in his Complaint. R. Doc. 1 at 12-13.

Lastly, the Court finds that the fourth element of res judicata is met as well. In both his state petition and federal complaint, Cangelosi alleges 42 U.S.C. § 1983 violations of due process and free speech arising from the February 3, 2021 Jefferson Parish Council meeting. R. Doc. 1; R. Doc. 12-4. In both pleadings, he also alleges that the Defendants abused their power of office and state constitutional violations. R. Doc. 1; R. Doc. 12-4. By failing to respond in opposition, Cangelosi has not indicated how this iteration of his case is any different from his earlier ones. Because the claims are identical between the matters, the last element of res judicata is satisfied.

In summary, the Court concludes that Cangelosi's present suit against the Defendants for the events that transpired at the February Council meeting is barred by the prior final judgments rendered by the Louisiana Fifth Circuit. Accordingly, the Court need not discuss Defendants' alternate 12(b)(6) motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, R. Doc. 12, is **GRANTED**. Cangelosi's claims against Cynthia Lee Sheng, Jefferson Parish Attorney, and Parish of Jefferson, are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana this 13th day of December 2023.

_____
United States District Judge