UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLAYTON CANGELOSI | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2035 |
| JEFFERSON PARISH, ET AL. | * | SECTION L |

**ORDER & REASONS**

Before the Court is a motion by Defendants Jefferson Parish Council; Jefferson Parish Chair, Scott Walker; and Councilman Byron Lee, in his personal capacity (collectively, the "Defendants") to Dismiss Plaintiff Clayton Cangelosi's claims. R. Doc. 18. Considering the briefing and applicable law, the Court now rules as follows.

I. BACKGROUND

This case arises out of Plaintiff Clayton Cangelosi's failed permit application with Defendant Jefferson Parish. R. Doc. 1 at 2-3. Cangelosi is appearing in front of this Court *pro se* and *in forma pauperis* after exhausting all state court remedies. R. Doc. 12-1 at 4; R. Doc. 3. Specifically, Cangelosi has been denied relief by the 24th Judicial District Court for the Parish of Jefferson and the Louisiana Fifth Circuit.[1] R. Doc. 12-1 at 2-4.

In January 2021, Cangelosi sought a permit that would allow him to sell Valentine's Day gifts at 5346 Lapalco Boulevard in Marrero, Louisiana. *Id.* Cangelosi states that permits are issued only after a successful resolution is passed by Defendant Jefferson Parish Council ("Council"). R. Doc. 1 at 2-3. According to Cangelosi, the resolution of his permit application was scheduled to be considered on January 13, 2021. *Id.* at 3-4. However, Cangelosi contends that Defendant and Councilman Byron Lee removed the item from the Council's agenda, allegedly because of concern

---

[1] The Louisiana Supreme Court denied Plaintiff's writ application. *Id.* at 4.

about traffic congestion around that part of Lapalco Boulevard. *Id.* at 4. Councilman Lee purportedly told Cangelosi that the Council would consider his application at its next meeting on February 3, 2021, provided Cangelosi selected a different location. *Id.*

At the February 3rd meeting, Cangelosi again sought permission to conduct his Valentine's Day sale. *Id.* at 4. It appears that this time he presented the Council with multiple different permit applications. *Id.* Cangelosi alleges that the Council then voted to approve a resolution of some, but not all, of the locations he proposed. *Id.* Cangelosi confronted the Council about its limited approval of his permits. *Id.* After apparently admonishing Cangelosi for his treatment of Council staff, Councilman Lee cancelled the previously approved resolution. *Id.*

Cangelosi asserts a cause of action under 42 U.S.C § 1983. *Id.* at 6. He argues that Defendants violated his First and Fourteenth Amendment rights by improperly denying his permit application. *Id.* at 2. Cangelosi also appears to assert that the Defendants abused their power by rejecting the resolution out of malice. *Id.* at 5. Moreover, Cangelosi argues that his rights under the Louisiana Constitution were also violated. *Id.* at 3, 11.

On October 13, 2023, Defendants Cynthia Lee Sheng, Jefferson Parish Attorney, and the Parish of Jefferson filed a motion to dismiss Cangelosi's claims contending that the Court lacked subject matter jurisdiction because Cangelosi had previously litigated these exact claims in state court. R. Doc. 12. Applying the doctrine of res judicata, the Court granted the motion to dismiss Cangelosi's claims against those defendants. R. Doc. 13.

II.     **PRESENT MOTION**

Presently, Defendants raise the same exact arguments that Sheng, the Parish Attorney and the Parish previously did. R. Docs. 18-1, 12-1. They also note that they did not join in on the earlier motion to dismiss because they had not been served at that time. R. Doc. 18-1 at 1. Defendants

aver that this Court lacks subject matter jurisdiction over Cangelosi's claims because he previously litigated these exact claims in Louisiana's state courts, and as a result, res judicata applies. *Id.* at 9-13. In the alternative, defendants assert that Cangelosi's claims should be dismissed because he fails to state a claim upon which relief can be granted and that his claims have prescribed. *Id.* at 15-31. Cangelosi did not file an opposition.

### III.  LAW AND ANALYSIS

Defendants craft their motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 5. Because res judicata is an affirmative defense, and not a jurisdictional bar, it "generally . . . cannot be brought in a motion to dismiss." Fed. R. Civ. P. 8(c); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). Courts have nonetheless considered the effects of res judicata on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when res judicata is established on the pleadings. *Murry v. Gen. Servs. Admin.*, 553 Fed. App'x. 362, 365 (5th Cir. 2014) ("Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings."). Accordingly, the Court considers Defendants' motion under the 12(b)(6) standard.

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally

construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

The Court has already addressed the applicability of res judicata to this matter. R. Doc. 13. For all the reasons stated in that order and finding that the present Defendants were also parties to the state court litigation, the Court holds that the doctrine of res judicata applies with regard to them as well. By failing to respond in opposition, Cangelosi has not indicated why the Court should rule any differently. Thus, the Court concludes that Cangelosi's present suit against the Defendants for the events that transpired at the February Council meeting is barred by the prior final judgments rendered by the Louisiana Fifth Circuit. Accordingly, the Court need not discuss Defendants' alternate 12(b)(6) motion to dismiss.

IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, R. Doc. 18, is **GRANTED**. Cangelosi's claims against Jefferson Parish Council; Jefferson Parish Chair, Scott Walker; and Councilman Byron Lee, in his personal capacity, are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana this 30th day of April, 2024.

_____
United States District Judge